IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

09.-628M

Magistrate No.
[UNDER SEAL]

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

I, Melissa Cobb, being duly sworn depose and state:

1. I am a Special Agent of the Drug Enforcement Administration (DEA), United States Department of Justice. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18 of the United States Code, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code. I have been employed with the DEA since November of 2005. Prior to my current position, I served as a police officer and detective with the Police Department in Grand Rapids, Michigan from 2002 to 2005.

2. My training in narcotics investigations covered surveillance techniques, Title III investigations, drug identification, firearms courses, among other topics. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, writing affidavits for and executing search warrants, and working with undercover agents and informants. I have received training and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have

participated in the investigation of numerous drug trafficking conspiracies and have participated extensively in several Title III investigations in the past three years. As a result, I am familiar with matters including but not limited to the means and methods used by persons and drug trafficking organizations to purchase, transport, store and distribute drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

3. I am submitting this affidavit in support of a criminal complaint and an arrest warrant for SHANE HENNEN. For the reasons set forth below, I have probable cause to believe that on or about December 2, 2009, SHANE HENNEN violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), by knowingly and unlawfully possessing with the intent to distribute and distributing less than 500 grams of cocaine.

4. DEA Agents and Task Force Officers observed HENNEN meet with an individual whose identity is known on the evening of December 2, 2009. At approximately 7:13 p.m., agents observed HENNEN leaving the individual's residence with a black duffel-style bag. HENNEN then entered his car and traveled to the residence of a second individual known to law enforcement as a person who processes cocaine for distribution. At approximately 7:40 p.m., HENNEN entered his vehicle and began to drive towards Washington,

Pennsylvania.

5. HENNEN was observed by surveillance agents as he arrived at the Wendy's restaurant near the Meadows Casino in Washington, Pennsylvania. Agents then observed an unknown male, later identified as Anthony FRANELL, drive up to HENNEN's vehicle in the Wendy's parking lot. Agents were able to see HENNEN and FRANELL engage in a brief conversation, and then observed FRANELL drive away from the Wendy's restaurant. HENNEN next drove to the adjacent Burger King restaurant and parked his vehicle. Agents then watched as HENNEN drove in the direction of the Meadows Casino.

6. Agents lost sight of HENNEN'S vehicle en route to the casino for approximately two minutes, but were able to re-establish surveillance and located HENNEN in the parking lot to the rear of the casino. At this time, agents observed HENNEN walking away from FRANELL's vehicle. Believing that a narcotics transaction had just taken place between HENNEN and FRANELL, agents conducted a traffic stop of HENNEN'S vehicle at approximately 8:30 p.m.

7. Once HENNEN was stopped, agents observed cocaine in plain view in the center console area of HENNEN'S vehicle. HENNEN was arrested at that time. While HENNEN was being taken into custody, agents approached FRANELL in his vehicle. Agents obtained consent from FRANELL to search his vehicle. Agents then located additional amounts of cocaine in a Wendy's bag in the center console of

FRANELL'S car. Agents then placed FRANELL under arrest.

8. Following the arrests of HENNEN and FRANELL, both individuals admitted to your affiant that they arranged to meet with each other for the purpose of conducting a narcotics transaction.

9. On December 3, 2009, at approximately 1:10 a.m., agents conducted a field test on the seized narcotics, and the test results were positive for the presence of cocaine. The cocaine seized from HENNEN'S vehicle weighed approximately 26 grams and the cocaine seized from FRANELL'S vehicle weighed approximately 85 grams.

10. For the foregoing reasons your affiant has reason to believe that on or about December 2, 2009, in the Western District of Pennsylvania, SHANE HENNEN violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) by knowingly and unlawfully possessing with the intent to distribute and distributing less than 500 grams of cocaine.

*Melissa Cobb*<br>
Melissa Cobb<br>
Special Agent<br>
Drug Enforcement Administration

Subscribed and sworn before me
this 3rd day of December, 2009

_Robert C. Mitchell_
ROBERT C. MITCHELL
UNITED STATES MAGISTRATE JUDGE