IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-348 |
| | ) | |
| SHANE HENNEN | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO TRAVEL FOR WORK**

AND NOW, comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said district, and respectfully submits this Response to the defendant's Motion to Travel For Work, filed in the above-captioned case at Doc. No. 279:

Shane Hennen was sentenced by United States District Judge Gary L. Lancaster on September 20, 2011, to a term of imprisonment of 30 months, followed by a term of supervised release of 4 years. Hennen's supervised release was transferred from the Western Distrcit of Pennsylvania to the Northern District of Florida, and his supervision in Pensacola, Florida, began in December of 2013.

Undersigned counsel has spoken with the defendant's Probation Officer from the Pensacola Office of the United States Probation and Pretrial Services for the Northern District of Florida. Officer Charles P. Cunningham stated that when Hennen's supervision in Pensacola began, he had obtained employment as a sales representative with a seafood wholesaler. This employment required that Hennen travel throughout the Northern and Middle districts of Florida in order to service his accounts with the wholesale company, and this employment and travel was

approved by the probation office.    In his monthly reports, Hennen has always listed his employment as that of a sales representative for the seafood wholesaler.

Officer Cunningham informed undersigned counsel that Hennen has never requested approval to be employed in a full-time capacity as a professional gambler.    In any event, Officer Cunningham is certain that his office would not approve professional gambling as a form of full-time employment.    This past fall, Hennen sought permission from Officer Cunningham to travel to Las Vegas, Nevada, for the purpose of gambling.    Permission was denied, but the defendant traveled to Las Vegas anyway.    When he returned, he admitted that he had traveled out of the district and showed the officer his winnings from his gambling trip.    Officer Cunningham elected not to file a petition with the Court for this technical violation, but did remind the defendant of his travel restrictions.    Nonetheless, more recently, Officer Cunningham learned that the defendant had again left the district without permission when he received a phone call from a state trooper in Virginia who called to say that he had stopped and cited Hennen for speeding on the highway near Lexington.

"Probation officers have broad statutory authority to advise and supervise probationers" and "must be allowed some discretion in dealing with their charges."    United States v. Pruden, 398 F.3d 241 (3d Cir. 2005).    Although the government recognizes that Hennen has reported his earnings and appears to be a talented card player, the government supports the Probation Office's position that professional gambling is not a line of work suitable for a federal supervised releasee.    Gambling is frequently linked to other illicit behavior, does not provide a regular or steady flow of income, and does not lend itself to oversight by a probation officer. Hennen is not barred from lawful, recreational gambling within the Northern District of Florida at his leisure.

For the foregoing reasons, the United States opposes the defendant's request that

he be permitted to travel outside of the district of his supervision for the purposes of gambling.


Respectfully submitted,


DAVID J. HICKTON
United States Attorney


Barbara K. Doolittle
Assistant U.S. Attorney
PA ID No. 204338